**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4692**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CION M. PHILLIPS,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:07-cr-00233-RBS-TEM-2)

Submitted:  March 6, 2009                Decided:  April 1, 2009

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Richard Colgan, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, D. Monique Broadnax, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cion M. Phillips appeals his convictions for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2006), and two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2006). Phillips challenges the sufficiency of the evidence and the district court's refusal to allow him to introduce at trial evidence of his codefendants' flight. Finding no error, we affirm.

Phillips challenges the sufficiency of the evidence to support his convictions for conspiracy and possession with intent to distribute marijuana. We review de novo a district court's denial of a Fed. R. Crim. P. 29 motion. United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (citations omitted). "[S]ubstantial evidence [i]s evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. Furthermore,

2

"[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

With these standards in mind, we have thoroughly reviewed the trial transcript. Our review convinces us that the evidence supports the jury's verdict. See United States v. Burgos, 94 F.3d 849, 857-58, 873 (4th Cir. 1996) (en banc) (discussing elements of offenses). We therefore find that the district court did not err in denying Phillips' Rule 29 motion.

Phillips also challenges the district court's refusal to allow him to introduce at trial evidence of his codefendants' flight. The district court relied on United States v. Bollin, 264 F.3d 391 (4th Cir. 2001), in excluding the evidence. In Bollin, we held that, while a codefendant's flight may be relevant to show the guilt of the codefendant, it does not tend to prove the innocence of the defendant "where . . . there can be more than one guilty party." Id. at 413. In light of Bollin, we conclude that the district court did not abuse its discretion in excluding this evidence. See United States v. Hedgepeth, 418 F.3d 411, 418-19 (4th Cir. 2005) (stating standard of review).

Accordingly, we affirm Phillips' convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED